# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 7, 2011

No. 11-20100
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO SOTO ZAVALA, also known as Fernando Soto, also known as
Fernando Soto-Zavala, also known as Fernando Arreola Soto,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-612-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fernando Soto Zavala appeals his 37-month sentence for being found
illegally in the United States following previous deportation for a felony. He
argues that the district court erred in basing an upward departure, in part, on
his 2002 and 2010 arrests for assault.

Because Zavala did not raise this issue in the district court, review is for
plain error. To show plain error, Zavala must show a forfeited error that is clear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If Zavala makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

A district court incorrectly applies the Guidelines by basing a departure upon a factor that the Sentencing Commission has expressly rejected as an appropriate ground for departure. *Williams v. United States*, 503 U.S. 193, 200 (1992). Section 4A1.3(a)(3), p.s., provides that a "prior arrest record itself shall not be considered for purposes of an upward departure." In *United States v. Jones*, 444 F.3d 430, 434-36 (5th Cir. 2006), this court held that it was plain error for a district court to take the "mere fact of prior arrests into account" at sentencing absent findings by the court, supported by reliable information, that the crimes underlying the arrests had actually been committed by the defendant. "Arrests, standing alone, do not constitute [such] reliable information." *Id.* at 434.

The district court's reliance on the arrests for assaultive conduct that actually resulted in convictions does not implicate the concerns identified in *Jones*. Even assuming that the district court plainly erred by basing the upward departure, in part, on the 2002 and 2010 arrests for assault, Zavala is not entitled to relief because he cannot show that this error affected his substantial rights.

When imposing Zavala's sentence, the district court noted the prior arrests in the context of expressing concern with the thread of assaultive behavior inherent in Zavala's criminal history. The district court also discussed Zavala's four previous deportations, his "considerably understated" criminal history category, and the "high" likelihood that the defendant will commit future crimes. The district court explained that the sentencing range with a base offense level of 12 and a criminal history category of IV was the first sentencing range "that would be sufficient to achieve the objectives of punishment and deterrence given

the defendant's substantial criminal history, high likelihood of recidivism, and complete and repeatedly demonstrated disregard and disrespect for the laws of the United States."

Accordingly, because the record does not indicate a reasonable probability that the district court would have imposed a lesser sentence had it not considered Zavala's 2002 and 2010 arrests for assault, Zavala cannot show that his substantial rights were affected. *See United States v. Williams*, 620 F.3d 483, 493 n.9 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 1534 (2011).

AFFIRMED.